# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNETTE JENNINGS o/b/o | : | |
| TARRELLE RONALD THOMAS | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| ANDREW SAUL, | : | |
| Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO.  20-1953 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                          February 16, 2021

Annette Jennings ("Plaintiff"), the appointed payee for Tarrelle Ronald Thomas ("the Claimant") seeks judicial review, on behalf of the Claimant, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"). The Commissioner reevaluated the Claimant's 2010 disability award under Title XVI of the Social Security Act and concluded that, as of November 2014, the Claimant was no longer disabled. Plaintiff has filed a brief in support of her Request for Review and the Commissioner has responded to it.  As explained below, the Commissioner's decision must be reversed, because, from November 2014 to March 2018, under then-governing regulations, the Claimant's full-scale IQ of 58 conclusively established that he satisfied the requirements of Listed Impairment 12.05(B) ("LI 12.05(B)") and remained disabled.  Once LI 12.05(B) was amended in March 2018, Plaintiff could no longer meet that listing based solely upon his extremely low IQ.  The ALJ's decision that the Claimant does not satisfy the requirements of new LI 12.05(B) is supported by substantial evidence.  However, the ALJ committed reversible error when posing written interrogatories to the vocational expert; hence, the case must be remanded so that the Commissioner can properly determine whether the Claimant remained disabled after March 2018.

## I.    PROCEDURAL HISTORY[1]

In September 2010, the Claimant applied for Supplemental Security Income ("SSI"), alleging disability since September 2010, because of physical and mental health problems, including a learning disability.  R. 35.  Two months later, on December 15, 2010, the Social Security Administration ("SSA") determined that the Claimant was disabled, without conducting a hearing.  Four years later, the SSA reevaluated the Claimant's disability and, on January 13, 2015, determined that, as of November 1, 2014, the Claimant was no longer disabled.  *Id.*  This decision was upheld upon reconsideration; the Claimant then requested a hearing before an administrative law judge.  *Id.*

On April 30, 2018, the Claimant appeared before Kathleen McDade, Administrative Law Judge ("the ALJ").  R. 35.  He was not represented by an attorney; the Claimant and Plaintiff, the great-grandmother of his children, testified at the hearing.  R. 55-75.  Next, on May 17, 2018, the Claimant appeared for a consultative psychological examination with Charles Johnson, Psy.D.; during the exam, the Claimant's IQ was tested and his full scale score was 58.  R. 378.  In addition, the ALJ sent written interrogatories to Steve H. Gumerman, a vocational expert ("the VE"); answers were completed on July 23, 2018.  (R. 271-74).  Based upon this additional evidence, on September 19, 2018, the ALJ, using the sequential evaluation process for revaluation of disability,[2]

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Request for Review ("Pl. Br."), Defendant's Response thereto ("Resp."), and the administrative record ("R.").

[2] The Social Security Regulations provide the following seven-step sequential evaluation for determining whether or not a disabled claimant remains disabled:

> 1.  The SSA must determine if the claimant meets or medically equals a listed impairment.  Otherwise, proceed to Step 2.  *See* 20 C.F.R. § 416.994(b)(5)(i).
>
> 2.  The SSA must determine if medical improvement has occurred.  *See* 20 C.F.R. § 416.994(b)(5)(ii).  If it has, proceed to step three; if not, proceed to step four.
>
> 3.  The SSA must determine if medical improvement relates to the ability to work.  *See* 20 C.F.R. § 416.994(b)(5)(iii).  It is does, proceed to step five.

issued a decision finding that the Claimant was no longer disabled, as of November 1, 2014.  R. 35-45.  The Appeals Council denied Plaintiff's request for review, on February 13, 2020, making the ALJ's findings the final determination of the Commissioner.  R. 1-4.  Now, the Claimant, *via* the Plaintiff, seeks judicial review in this court; the parties have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c).

## II.   DISCUSSION

### A.   The Parties' Contentions and Their Disposition

Plaintiff argues that the ALJ committed three errors:  (1) failing to find that the Claimant meets or equals a listing; (2) finding that the Claimant's condition did medically improve; and (3) failing to find that the Claimant had (a) extreme limitation in one or (b) marked limitation in two of the four areas of mental functioning established by the Commissioner's new mental health listings.[3]  Pl. Br. at 3.  The Commissioner responds that Plaintiff's arguments lack merit.  Resp. at 5-13.

---

4.  The SSA must determine if an exception to medical improvement applies.  *See* 20 C.F.R. § 416.994(b)(5)(iv).  There a two groups of exceptions.  *See* 20 C.F.R. § 416.994(b)(3), (b)(4).  If the first group applies, proceed to step five; if the second applies, the claimant's disability ends; if none apply, the claimant's disability continues.

5.  The SSA must determine if all of the claimant's impairments in combination are severe.  *See* 20 C.F.R. § 416.9(b)(5)(v).  If they are, proceed to step six; if not, the claimant is no longer disabled.

6.  The SSA must evaluate the claimant's residual functional capacity and determine if he or she can perform any past relevant work.  *See* 20 C.F.R. § 416.994(b)(5)(vi).  If the claimant perform any past relevant work, he or she is no longer disabled.  If he or she cannot, proceed to the final step.

7.  The SSA must determine, based upon the claimant's age, education, work experience and residual functional capacity, if there is work the claimant can perform.  *See* 20 C.F.R. § 416.994(b)(5)(vii).  If there is other work, the claimant is no longer disabled; if there is not, disability continues.

[3] The four areas of mental functioning that apply after March 2018 are:  (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.  LI 12.05(B).  These are the ones the ALJ applied.  R. 37-38.

This court finds, *sua sponte*, that, because the Commissioner cannot apply regulations retroactively, the ALJ applied incorrect regulations for the period November 1, 2014 to March 14, 2018. For that period of time, the Claimant met the requirements of prior LI 12.05(B). After March 14, 2018, the ALJ properly applied new LI 12.05(B) requirements and her conclusion that the Claimant did not satisfy that listing is supported by substantial evidence. However, the ALJ committed reversible error because, despite concluding that the Claimant had a limited education, the written interrogatory she propounded to the vocational expert ("the VE") erroneously stated that the Claimant had completed high school. The VE's response to the flawed interrogatory cannot constitute substantial evidence. Hence, remand is required so that the ALJ can obtain proper vocational testimony about what jobs, if any, the Claimant could perform, after March 14, 2018.

**B.     Standard of Review**

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a

different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

**C.    The ALJ Cannot Retroactively Apply New Regulations**

From 2010, when the Claimant was originally found disabled, until March 14, 2018, when the Commissioner issued new mental health regulations, LI 12.05(B) could be satisfied if the claimant had a full scale IQ of 59 or below. However, under new regulations that became effective on March 14, 2018, to satisfy the requirements of LI 12.05(B), a claimant would need a full scale IQ score of 70 or below, **and** (a) extreme limitation in one or (b) marked limitation in two of the four new areas of mental functioning.[4]   Since the Claimant's full scale IQ on November 8, 2010 was only 56, R. 322, when his disability was reevaluated in 2014, the SSA should have determined that he remained disabled. This unexplained mistake is a clear, reversible error that this court has addressed *sua sponte*. *See Farley v. Colvin*, 231 F. Supp. 3d 335, 339 n.5 (N.D. Cal. 2017) (citing, *inter alia*, *Hess v. Sect. Health, Ed. & Welfare*, 497 F.2d 837 (3d Cir. 1974), for the proposition that a district court has the authority in Social Security disability cases to notice errors not raised by the parties). To correct this error, upon remand, the Commissioner must find that the Claimant remained disabled through March 14, 2018.

The ALJ mistakenly applied new LI 12.05(B) in determining that, as of November 1, 2014, Plaintiff was no longer disabled. Since new LI 12.05(B) did not even exist on November 1, 2014,

---

[4] Both the new and old regulations required that the claimant's substandard intellectual functioning commenced prior to age 22. That is not at issue in this case, because the Claimant was in special education classes as a minor and, in 2010 when the Claimant was 19, his IQ test revealed a full scale IQ of 56. R. 322.

this is an obvious, reversible error.  Furthermore, the Commissioner lacks legal authority to retroactively apply new regulations. *Reynolds v. Barnhart*, 2004 WL 2102008, *4 (Aug. 26, 2004) (citing *Rogers v. Barnhart*, 2003 WL 22428627, *3 n.3 (E.D. Pa. Sept. 16, 2003), which cites *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 224 (1988)).  Hence, the ALJ was bound to apply the old regulation for the period November 1, 2014 to March 14, 2018.  Under that regulation, the Claimant was disabled, because his full scale IQ of 56, evaluated in 2010, as well as his full scale IQ of 58, evaluated on May 17, 2018, R. 378, mandated a finding of disability under former LI 12.05(B).

**D.    Substantial Evidence Supports the ALJ's Determination that Plaintiff did not Meet the Requirements of New LI 12.05(B)**

Plaintiff argues that the ALJ erroneously determined that the Claimant did not have (a) extreme limitation in one or (b) marked limitation in two of the four new areas of mental functioning.  Pl. Br. at 4-7.  As noted above, these additional functional limitations are required to meet new LI 12.05(B).  However, Plaintiff's argument essentially asks this court to reweigh the evidence the ALJ considered and arrive at different conclusions concerning the four areas of mental functioning.  Pl. Br. at 4-7.  The court is not permitted to do so. *Rutherford*, 399 F.3d at 552.  Instead, this court must determine whether there is substantial evidence to support the determinations the ALJ made.

Plaintiff concedes that the ALJ cited evidence in the record to support each of her findings. Upon review of the ALJ's explanations, this court finds that they do provide more than a scintilla, although not a preponderance, of evidence to support each finding.

To support her finding that the Claimant had moderate limitation in understanding, remembering, or applying information, the ALJ relied upon the Claimant's ability to recall three out of three objects immediately, one out of three after a delay, and recall four digits forward and

6

three backward.  R. 37.  For no limitation in interacting with others, the ALJ cited evidence that the Claimant became more comfortable as his initial evaluation took place, his friendliness and openness at his first therapy session, the May 2018 consultative examiner's assertions that the Claimant was cooperative, the Claimant's own reporting of a good relationship with family members and that he got along well with teachers and some of his peers.  *Id.*  The ALJ decided that the Claimant had moderate limitation with concentrating, persisting, or maintaining pace based upon his ability to count backwards from 10, perform serial 3s, answer a simple multiplication question, remain attentive and active during therapy sessions and keep an intact thought process.  R. 38.  Finally, the ALJ found Plaintiff had no limitation in adapting or managing himself, because he lived independently with the mother of his children, he provided care for his two children (ages two and three), and was able to travel using public transportation.  *Id.*  Obviously, the ALJ does not identify an overwhelming amount of evidence to support each finding, but that is not required.  *Biestek*, 139 S. Ct. at 1154.  The evidence the ALJ does cite amounts to more than a scintilla, although less than a preponderance; hence, her decision concerning the four areas of mental functioning is supported by substantial evidence.  *Biestek*, 139 S. Ct. at 1154; *Fargnoli*, 247 F.3d at 38.

**E.     The ALJ's Hypothetical Question is Reversibly Flawed**

The ALJ determined that the Claimant had a limited education.  R. 44.  However, the **only** hypothetical question she posed to the VE inaccurately stated that the individual had a high school education.  R. 272.  This is reversible error because, unless the hypothetical question posed to the VE accurately describes the claimant's limitations, the VE's response cannot constitute substantial evidence that the claimant can perform the jobs the VE identifies.  *Burns v. Barnhart*, 312 F.3d 113, 123 (3d Cir. 2002).  Herein, the hypothetical question was flawed, hence, the VE's response

does not constitute substantial evidence that there are jobs the Claimant could perform after March 14, 2018.[5]  Upon remand, the ALJ must pose an accurate hypothetical question to a vocational expert.

### III.   CONCLUSION

Review of the relevant law and the record indicate that the ALJ committed reversible error. Accordingly, Plaintiff's Request for Review is granted.  An implementing Order and Order of Judgment follow.

---

[5] The court notices this obvious error *sua sponte*.  *See Farley*, 231 F. Supp. 3d at 339 n.5.