IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNETTE JENNINGS o/b/o | : | CIVIL ACTION |
| TARRELLE RONALD THOMAS | : | |
| v. | : | |
| ANDREW SAUL, | : | |
| Commissioner of the | : | |
| Social Security Administration, | : | NO. 20-1953 |

## MEMORANDUM OPINION

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                  March 29, 2021

      Annette Jennings ("Plaintiff"), the appointed payee for Tarrelle Ronald Thomas ("Claimant"), has filed a motion for reconsideration of this court's February 16, 2021 order which reversed and remanded the Commissioner's decision to terminate Claimant's disability benefits. The court's February 16 Memorandum explained that, for the period up to March 2018, the administrative law judge ("ALJ") assigned to Claimant's case had improperly applied the requirements of new listed impairment ("LI") 12.05(B).[1] Under the old requirements, Claimant was disabled, because he has a full-scale IQ score below 60. After March 2018, the requirements for LI 12.05(B) changed and Claimant could not satisfy the new requirements.[2] However, the ALJ committed a different reversible error in evaluating Claimant's disability because she posed an incomplete hypothetical question to the vocational expert. Hence, this court reversed the ALJ's determination through March 2018, finding that Plaintiff was disabled for that time, and remanded for reconsideration of Claimant's disability, after March 2018.

      Plaintiff has filed a motion for reconsideration and amendment of the February 16 Order and Judgment so that Claimant's disability benefits can be reinstated retroactively. Plaintiff has

---

[1] LI 12.05(B) concerns intellectual functioning.
[2] New LI 12.05(B) no longer allows claimants to prevail simply because their IQ is below 60.

failed to cite any authority to support his motion. In response, Defendant has cited the correct legal standard and argues that Plaintiff's motion be denied. Plaintiff has filed a sur-reply, finally citing the correct legal standard. Nevertheless, for the reasons provided below, Plaintiff's motion is denied.

## I. LEGAL STANDARD

A motion for reconsideration can only be granted if the movant can demonstrate one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence, that was not available at the time the court rendered the decision in question; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Clear error review only allows for relief based upon a factual or legal issue the court may have overlooked, it does not allow for relief based upon an issue the court considered initially. *United States v. Cephalon Inc.*, 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016). Although the Third Circuit has declined to define precisely what constitutes a manifest injustice, it has strongly suggested that one exists when the court initially commits a "'direct, obvious, or observable error,'" of controlling law. *In re Energy Futures Holding Corp*, 904 F.3d 298, 312 (3d Cir. 2018) (quoting *Black's Law Dictionary* (10th ed. 2014)).

## II. DISCUSSION

Plaintiff's motion failed to cite the appropriate legal standard. In fact, in violation of Local Rule of Civil Procedure 7.1(c), her motion is unsupported by a brief. That failure justifies denying Plaintiff's motion.[3] *See Rosenblit v. City of Philadelphia*, Civ. A. No. 20-3121, 2021 WL 288887,

---

[3] The motion is also untimely, under Local Rule of Civil Procedure 7.1(g). However, Defendant has not expressed any reliance on the rule, hence, this error can be disregarded. *See Szostek v. Drexel University*, Civ. A. No. 12-2921, 2013 WL 6667746, at *2 (E.D. Pa. Dec. 18, 2013) (citations omitted).

2

at *4 (E.D. Pa. Jan. 28, 2021) (citing *Rorrer v. Cleveland Steel Container Corp.*, Civ. A. No. 08-671, 2012 WL 138756, at *4 (E.D. Pa. Jan. 18, 2012). Moreover, Plaintiff's motion completely failed to identify any change in controlling law, newly available evidence, a clear error of law or fact, or any manifest injustice. Notably, Plaintiff did not identify any legal or factual issue that this court overlooked in its February 16 decision or any new controlling law that would authorize this court to amend its prior decision and order retroactive reinstatement of Claimant's disability benefits.

In her sur-reply, Plaintiff identified the three factor test for motions for reconsideration. Pl.'s Sur-Reply at 1-2. However, when applying the test to this case, she neglected to note that the change in law or new fact(s) have to occur after the court's decision. Her reply erroneously relies upon the ALJ's errors of law and fact that this court identified in the February 16 decision. *Id.* at 2. Likewise, Plaintiff fails to identify any clear error of law or fact this court committed in its February 16 decision. Instead, she repeats the errors the ALJ committed, which this court identified in the February 16 decision. *Id.* Finally, Plaintiff does not identify any manifest injustice caused by the court's February 16 decision. Rather, she relies upon the adverse consequences of the ALJ's decision in this case and the likely delay that will transpire until the Commissioner can re-evaluate Claimant's disability. *Id.* at 3. Therefore, Plaintiff's motion is denied.

An implementing Order follows.